■ In the Matter of LOUIS SILVERSTEIN, Respondent, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment entered December 11, 1963 adjudging that the petitioner herein was entitled to tenure as an employee of the Board of Higher Education of the City of New York and was entitled to recover loss of salary for the period from January 1, 1963 to March 27, 1963 the date of commencement of this proceeding and was further entitled to an adjustment for back pay due on salary schedules for assistant business

manager for the period from February 27, 1957 to December 31, 1962 unanimously modified, on the law and on the facts, by amending the base used for computing the amount of back pay due to the petitioner as assistant business manager and substituting the sum of $7,300 as the salary schedule for assistant business manager in effect on February 27, 1957 to be used for such computation of back pay with appropriate substitutions accordingly for computation of back pay for subsequent years, and, as so modified, affirmed, without costs and without disbursements. Petitioner originally became an employee of the respondent in February, 1926 as a clerical assistant. He continued his employment as a clerk until September 1, 1937 when he was appointed to the title assistant to curator at Queens College and continued in that position until July 1, 1940 when he was appointed to the title assistant curator for the period from July 1, 1940 until August 31, 1941. Petitioner entered military service on November 10, 1942 and continued in such service until June 11, 1945 when he returned to his employment as assistant curator. He continued as an employee of the respondent from the time of his return from military service until December 31, 1962 in various titles of assistant curator, first assistant business manager, purchasing agent and assistant business manager with the exception of a six-month leave of absence from February, 1956 until August, 1956 when he served as fiscal officer in Staten Island Community College. On January 7, 1963 the administrative committee of Queens College recommended that petitioner's services be terminated as of December 31, 1962 which recommendation was adopted by the respondent on January 21, 1963. On July 6, 1939 the respondent adopted section 126 of its by-laws granting tenure to members of the permanent administrative staff of the colleges under the respondent's jurisdiction and also section 128 of its by-laws which defined the permanent administrative staff and included therein all persons employed on the administrative staff on a full-time basis except those employed in the title of bursar, assistant bursar, curator, assistant curator and secretary to the president. Since on the date of the adoption of the said by-laws, the petitioner held the title of assistant to curator which was not an excepted title, he acquired tenure on that date as an assistant to curator. Since petitioner held tenure on December 31, 1962, he could not be dismissed except for just cause and only after a hearing and he is entitled to receive his appropriate salary subsequent to January 1, 1963. The petitioner's basis for computation of his back pay is erroneous since he is attempting to accelerate increments to which he is not entitled. When he returned from his leave of absence in September, 1956, he resumed his title of assistant business manager and the salary schedule for that title had been established at $7,300. Prior to petitioner's leave of absence, he had been earning $7,330 and he was reinstated with that figure for his salary. He contends that since his salary actually paid was in excess of $7,300 he was placed, therefore, on the next salary schedule step of $7,600 and that he has been denied the differential in increments during the period from September, 1956 to December 31, 1962. It is our determination that when petitioner was reinstated to the title of assistant business manager, he was placed on the schedule salary step adopted for that title in the sum of $7,300 and that his salary for the subsequent period must be computed on the original salary base in that amount. Settle order on notice. Concur — Botein, P. J., Breitel, Eager, Steuer and Staley, JJ.